**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEIDY ROANI ORELLANA BRIZO, | No. 3:26-cv-02664-BTM-DDL |
|     Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| Director, Imperial Regional Adult Detention Facility, et al., | |
|     Respondents. | |

Pending before the Court is Petitioner Keidy Roani Orellana Brizo's petition for a writ of habeas corpus. Petitioner alleges that she has no criminal record, that her asylum application is pending, that she is the sole adult caretaker of her five children, and that she was detained without any cause or process.

The Government acknowledges that Petitioner was previously released on parole. The Government does not, however, contend that Petitioner's parole was lawfully revoked or terminated. The Government does not claim that Petitioner is a flight risk or a danger to the community.

Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the

revocation. *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). Respondents failed to comply with these due process requirements, and thus Petitioner is entitled to be released. Petitioner is also entitled to be released because Respondents do not contend that Petitioner is a flight risk or a danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community.").

For the reasons stated, Respondents are ordered to immediately release Petitioner from custody under any preexisting conditions of her conditional parole. Respondents are ordered to file a status report confirming compliance with this order no later than May 5, 2026.

**IT IS SO ORDERED.**

Dated:  May 4, 2026

Honorable Barry Ted Moskowitz
United States District Judge

2